## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DEREK J. BINGHAM,                          )
                                           )
        Plaintiff,          )
                                           )
v.                                         )      Case No. 17-CV-0082-CVE-tlw
                                           )
TIMOTHY D. ETRIS and                       )
PRESTON WILLIAMS,                          )
                                           )
        Defendants.         )

## OPINION AND ORDER

On February 16, 2017, Derek J. Bingham and Katie Bingham filed this suit against Timothy

D. Etris and Metaswitch Networks, LTD. Dkt. # 2. On April 19, 2017, the parties stipulated to the

dismissal of all claims asserted against Metaswitch Networks, LTD. Dkt. # 14. Because the

stipulation did not mention Mr. Etris, the Court ordered Mr. and Ms. Bingham to file a notice to the

Court whether it was their intention to pursue this matter against Mr. Etris, who had not been served

at that time. Dkt. # 15. On May 1, 2017, Ms. Bingham dismissed her claims, and Mr. Bingham

notified the Court that he intended to pursue his claims against Mr. Etris. Dkt. ## 17, 18. The Court

advised Mr. Bingham that service is required within 90 days, and, thus, the return of service for Mr.

Etris would be due on May 17, 2017. Dkt. # 19. Mr. Bingham failed to file a return of service, but

on May 17, 2017, he filed an amended complaint, asserting claims against Mr. Etris and Preston

Williams for tortious interference with contract and negligence. Dkt. # 20. The amended complaint

asserts that Mr. Bingham and Mr. Williams are a citizens of Oklahoma, and Mr. Etris is a citizen of

Arkansas. Id. at 1.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court has reviewed the amended complaint and finds that it lacks subject matter jurisdiction over this case. There is no basis for federal question jurisdiction. The amended complaint alleges that Mr. Etris and Mr. Williams tortiously interfered with an existing or prospective contractual relationship of Mr. Bingham and negligently caused him harm. Dkt. # 20, at 6-8. These are purely issues of state law. Additionally, there is no basis for diversity jurisdiction. For the Court to have diversity jurisdiciton, there must be complete diversity, meaning that each plaintiff must be diverse from each defendant. Ravenswood Inv. Co., L.P. v. Avalon Corr. Serv., 651 F.3d 1219, 1223 (10th Cir. 2011). Here, there is not complete diversity because Mr. Bingham and

Mr. Williams are both citizens of Oklahoma. Because the Court lacks subject matter jurisdiction over this matter, it must be dismissed.

**IT IS THEREFORE ORDERED** that this case is **dismissed** for lack of subject matter jurisdiction.

**DATED** this 18th day of May, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE